UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>TREDELL LONG CROW,<br><br>Defendant. | 3:23-CR-30097-RAL<br><br>ORDER DENYING MOTION FOR REDUCTION IN SENTENCE |

Defendant Tredell Long Crow pleaded guilty to Prohibited Person in Possession of a Firearm and Larceny and was sentenced to 60 months in custody. Doc. 42 at 1–2. Long Crow filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the Sentencing Guidelines, Doc. 43. In his motion for sentence reduction, Long Crow seeks a reduction under Part A to Amendment 821. Id. The Federal Public Defender for North and South Dakota by Standing Order has received appointment to represent defendants in such cases but chose not to supplement the record for Long Crow's motion. For the reasons explained below, Long Crow's motion to reduce sentence is denied.

In Part A to Amendment 821 to the Sentencing Guidelines, the Sentencing Commission altered the "status points" provision regarding criminal history, which now appears in Section 4A1.1(e). The amended provision states:

> Add 1 point if the defendant (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

1

USSG § 4A1.1(e). Thus, a person who otherwise has 7 criminal history points or more now receives 1 additional "status" criminal history point, instead of 2, while one who otherwise has 6 criminal history points or fewer received no status points. On August 24, 2023, the Commission decided that this change applied retroactively. See id. § 1B1.10(e)(2) (Nov. 1, 2023).

In determining whether a sentence reduction is warranted, "the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) . . . had been in effect at the time the defendant was sentenced. Id. § 1B1.10(b)(1). Further, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution." Dillon v. United States, 560 U.S. 817, 821 (2010) (quoting USSG § 1B1.10(b)(2)(A)).

Long Crow did not receive any "status" points for committing his offense while under any criminal justice sentence because he had less than 7 criminal history points under subsections (a) through (d). Doc. 38. ¶ 53. Thus, the amendment in Part A to Amendment 821 does not apply to his case. Therefore, it is

ORDERED that Long Crow's motion for a sentence reduction, Doc. 43, is denied.

DATED this 2nd day of March, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

2